UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN ARTHUR JOHNSON,

                    Plaintiff,

       -  against  -

STATE OF NEW YORK, WARDEN DUFFY;
CORRECTIONS OFFICER STEVENS,
CAPTAIN MAJORS, CORRECTION OFFICER
JANE DOE, ET AL.
                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-5186 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge:

      Plaintiff John Arthur Johnson, currently incarcerated at Rikers Island, brings this *pro se*

civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff's request to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 is granted.   For the reasons discussed below, plaintiff's

claims against the State of New York and Warden Duffy are dismissed.    Plaintiff's claims shall

proceed against Correction Officer Stevens, Captain Majors and Correction Officer Jane Doe.

**STANDARD OF REVIEW**

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys

and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising

the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449

U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all

well-pleaded, nonconclusory factual allegations" in the complaint.   Kiobel v. Royal Dutch

Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79

(2009)).   A complaint must plead sufficient facts to "state a claim to relief that is plausible on its

1

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## BACKGROUND

Plaintiff alleges that he "has been habitually harrass[ed] by false strip searches, write-ups, and with deliberate indifference to his medical needs as an insulin dependant [sic] diabetic." Compl. at 2. Specifically, plaintiff states that because of an institutional policy, his diabetic footwear was confiscated and not returned to him despite doctor's orders. Compl. at 3. Plaintiff argues that as a result, he ripped his Achilles tendon. Id. Plaintiff seeks money damages and injunctive relief. Compl. at 5.

## DISCUSSION

*New York State*

Plaintiff's claims against the State of New York must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. Bd. of Trs. of  Univ. of Alabama v. Garrett, 531 U.S. 356, 362 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-5 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100

(1984).

*Warden Duffy*

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"   Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)).   See also Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).   Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered."   Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).   Moreover, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983.   In Ashcroft v. Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to Bivens and 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   129 S. Ct. 1938, 1940 (2009).   Here, plaintiff fails to allege facts to support a claim that Warden Duffy's own actions violated plaintiff's civil rights to make him liable under § 1983.

## CONCLUSION

Accordingly, all claims against defendants the State of New York and Warden Duffy are dismissed without prejudice pursuant to 28 U.S.C. § 1915A.   No summonses shall issue as to these defendants.   The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against Correction Officer Stevens, Captain Majors and Correction Officer Jane Doe. The United States Marshals Service is directed to serve the summons, complaint, and this Order upon the remaining defendants without prepayment of fees.

A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York.   A copy of this Order shall be mailed to plaintiff.

All pretrial matters are referred to Magistrate Judge Marilyn D. Go.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       November 6, 2012

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

4