UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ARTHUR JOHNSON,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                 12-CV-5186 (RRM) (MDG)
    - against -

CORRECTION OFFICER STEVENS; CAPTAIN
T. MAJORS, Shield #1617; CORRECTION
OFFICER C. HINES, Shield #18102,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff John Arthur Johnson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at Rikers Island. (*See* Compl. (Doc. No. 1).) Now before the Court is defendants' fully-briefed motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.[1] (Doc. No. 26.) For the reasons that follow, defendants' motion is granted.

## BACKGROUND[2]

      In his complaint, Johnson alleges that he was "habitually harrass[ed] by false strip searches . . . [and] write-ups . . . with deliberate indifference to his medical needs as an insulin

---

[1] Subsequent to the filing of the complaint, this Court granted Johnson leave to proceed *in forma pauperis* and dismissed all claims brought against the State of New York and Warden Duffy. (*See* Doc. No. 5.) The Court permitted Johnson's claims against defendants Stevens, Majors, and Hines to proceed, (*id.* at 3–4), and this motion followed.

[2] At this stage, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund,* No. 12-CV-5559 (RRM) (VVP), 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in Johnson's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The Court is not, however, "bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 82–83 (2d Cir. 2008) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Williams ex rel. United Guardianship Servs. v. Shah*, No. 12-CV-3953 (RRM) (RML), 2014 WL 1311154 at *1 n.1 (E.D.N.Y. Mar. 30, 2014).

dependant [sic] diabetic" following his filing of two lawsuits against various New York City police officers, prosecutors, and prison officials alleging a panoply of civil rights violations.[3] (Compl. at 2.) Specifically, Johnson alleges that his "diabetic shoes were taken as a matter of institutional policy of th[e] jail," and replaced, contrary to his doctor's orders, with inappropriate footwear. (*Id.* at 3.) Johnson also alleges that for three months he was "placed in a high[-]classification dorm" where he was subjected to repeated strip searches, and that defendants "confiscated [his] clerg[y] shirt and collar" and a "white formal shirt."[4] (*Id.*) Based on these occurrences, Johnson alleges claims for deliberate indifference to his medical needs and harassment in violation of the Eighth Amendment.[5] (*Id.* at 4.)

## DISCUSSION

In order to withstand defendants' motion to dismiss, Johnson's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the court to draw the

---

[3] These actions, *Johnson v. Pugh et al.*, No. 11-CV-0385 (RRM) (MDG) (E.D.N.Y.), and *Johnson v. Davis et al.*, No. 12-CV-2449 (RRM) (MDG) (E.D.N.Y.), were also filed in this Court. On June 18, 2013, the Court granted the defendants' motion to dismiss the former. *See* No. 11-CV-0385, Doc. No. 61. The latter case is still pending.

[4] Johnson does not claim any violation of his First Amendment rights in connection with the alleged confiscation of his clerical attire. *See generally Salahuddin v. Goord*, 467 F.3d 263, 273–79 (2d Cir. 2006). In any event, however, any such a claim would also be subject to the administrative exhaustion requirement discussed *infra*. *See Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009).

[5] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

The Court is also mindful, however, that Johnson brings this action *pro se*. As such, his complaint is held to a less exacting standard than a complaint drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Because *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads Johnson's complaint to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## I. Exhaustion of Administrative Remedies

Defendants maintain that Johnson's complaint must be dismissed because he failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e.[6] The PLRA requires that an inmate exhaust all available administrative remedies before bringing an action pursuant to section 1983. *See id.* The scope of the exhaustion requirement is defined by the procedure utilized by the state. *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself."). The exhaustion requirement "applies to all inmate suits

---

[6] Defendants also urge that, in any event, the allegations in the complaint fail to state a plausible claim for relief. Because the Court agrees that Johnson's claims are barred by his failure to exhaust his administrative remedies, it need not reach defendants' alternative arguments on the merits.

3

about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). And "[p]risoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Espinal*, 558 F.3d at 124 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)).

Requiring exhaustion is intended not only "to reduce the quantity and improve the quality of prisoner suits," *Porter*, 534 U.S. at 524, but also to "serve a constructive purpose in resolving inmate claims, remedying errors by prison officials, and streamlining and clarifying those issues that remain for a court to decide." *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). As a result, courts decline to require exhaustion only in a narrow set of circumstances. Specifically, the need to exhaust is discharged where (1) administrative remedies were not available; (2) a defendant either waived or is estopped from raising failure to exhaust as a defense; or (3) there exist "special circumstances, such as a reasonable misunderstanding of the grievance procedures, [that] justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

In this case, it is clear that Johnson did not exhaust his remedies.[7] Instead, he appears to argue that he was excused from doing so because there is no required administrative process.

---

[7] Johnson never alleges that he filed a grievance relating to his allegations that he was strip searched. However, interpreted liberally, Johnson's opposition could be read to suggest that he did file a grievance potentially related to his medical needs. (*See* Doc. No. 25 at 8.) Nevertheless, "[t]he Supreme Court has held that 'the PLRA exhaustion requirement requires proper exhaustion,'" *Rivera v. Anna M. Kross Ctr.*, No. 10-CV-8696 (RJH), 2012 WL 383941, at *3 (S.D.N.Y. Feb. 7, 2012) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)), which "means using all steps that the agency holds out," *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Woodford*, 548 U.S. at 90), and "follow[ing] the applicable procedural rules of the prison grievance process." *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733 (KAM) (MDG), 2013 WL 5300721, at *6 (E.D.N.Y. Sept. 19, 2013) (citing *Jones*, 549 U.S. at 218). Johnson does not allege that he requested a hearing or otherwise pursued the grievance, and "courts in this Circuit have repeatedly held that a prisoner in custody of the New York City Department of Corrections who has not received a response to a grievance but has not requested a hearing has not exhausted his administrative remedies for

4

(Compl. at 4.) That is not the case. The New York City Department of Correction ("DOC") in fact employs a robust grievance procedure for receiving and evaluating inmate complaints.[8] *See, e.g.*, *Rivera*, 2012 WL 383941, at *3 (quoting *Prince v. Latunji*, 746 F. Supp. 2d 491, 495 (S.D.N.Y. 2010)) ("The New York City Department of Correction's Inmate Grievance Resolution Program ('IGRP') consists of five levels of review for inmate grievances, all of which must be exhausted for a prisoner to meet the exhaustion requirement."). For complaints not alleging assault or harassment, that procedure requires that an inmate first file a grievance with the Inmate Grievance Resolution Committee, with the option to appeal any decision to the facility superintendent, the Central Office Review Committee, and the Board of Corrections. (*See generally* Doc. No. 27-2.) Only after all of those avenues are exhausted may an inmate initiate a federal action. *Cf. Tartt v. City of New York*, No. 12-CV-5405 (VEC), 2014 WL 3388849, at *2 (S.D.N.Y. July 11, 2014). A separate, expedited process is available "for grievances involving harassment and strip searches." *Id.* at *3. Johnson did not exhaust his remedies under either procedure for either claim, and the Court addresses the ramifications for each claim below.

### A. Deliberate Indifference to Medical Needs

Johnson first claims deliberate indifference to his medical needs, as demonstrated by the prison's confiscation of his diabetic shoes and issuance of allegedly inappropriate footwear.

---

purposes of the PLRA." *Rivera*, 2012 WL 383941, at *5. Even assuming that Johnson did file a grievance that touches on his medical needs, nothing in his complaint or opposition suggests that he took any further steps.

[8] As indicated above, the Court may consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs.,* 987 F.2d 142, 150 (2d Cir. 1993); *Johnson v. Pugh*, No. 11-CV-385 (RRM) (MDG), 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013). The DOC's grievance procedure is publicly available online at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf, and is attached as Exhibit B, (*see* Doc. No. 27-2), to defendants' Affidavit in Support of their Motion to Dismiss. The Court may take judicial notice of that procedure. *Cf. Myers v. City of New York*, No. 11-CV-8525 (PAE), 2012 WL 3776707, at *4 n.6 (S.D.N.Y. Aug. 29, 2012), *aff'd*, 529 F. App'x 105 (2d Cir. 2013) (collecting cases and noting that courts in this circuit routinely take judicial notice of the DOC grievance procedure).

"Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eighth Amendment, as made applicable to the states through the Fourteenth Amendment."[9] *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Claims asserting 'deliberate indifference' concerning medical care are allegations that fall within the exhaustion requirement of the PLRA." *Davis v. Reilly*, 324 F. Supp. 2d 361, 365 (E.D.N.Y. 2004) (citing *Baez v. Parks,* No. 02-CV-5821 (PKC) (DF), 2004 WL 1052779, at *4 (S.D.N.Y. May 11, 2004)). But despite having filed numerous other grievances in the past, Johnson simply declined to do so here. And nothing in his papers reveals a "reasonable misunderstanding of the grievance procedures" that would justify that failure.[10] *Ruggiero*, 467 F.3d at 175. There is no suggestion, for instance, that Johnson's "mistaken belief" that he need not exhaust his claim was attributable to any reasonable reliance on DOC regulations. *Mccloud v. Roy*, No. 08-CV-839 (LEK) (ATB), 2010 WL 985731, at *4 (N.D.N.Y. Feb. 22, 2010), *rep. and recommendation adopted by* 2010 WL 985737 (N.D.N.Y. Mar. 16, 2010) (citing *Boddie v. Bradley*, 228 F. App'x 5, 7 (2d Cir. 2006)). And "[i]t is well established that the PLRA's exhaustion requirement cannot be waived based upon [a] plaintiff's belief that pursuing administrative remedies would be ineffective or futile."[11]

---

[9] Whether a claim is brought by a pre-trial detainee or a convicted inmate, this analysis is the same. *See Nielsen v. Rabin*, 746 F.3d 58, 63 n.3 (2d Cir. 2014) (quoting *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009), and noting that "[c]laims for deliberate indifference . . . should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment").

[10] The Court notes that Johnson's opposition describes numerous other events that are not the subject of this lawsuit, and asserts that he was denied the paperwork necessary to file a grievance on prior occasions. (*See, e.g.*, Doc. No. 25 at 6–7.) But Johnson does not allege such a denial in this case; rather, he asserts simply that no grievance was required. (*See* Compl. at 4.) Indeed, Johnson states plainly that his "legal standing is based on not going through grievance proceeding[s], or procedure[s]." (Doc. No. 25 at 8.) The Court therefore need not consider whether Johnson was prevented from filing a grievance. Notably, Johnson also indicates that he *was* able to file additional grievances subsequent to those occasions on which he was allegedly denied the necessary paperwork. (*See* Doc. No. 25 at 8.)

[11] Rather, "[t]he appropriate recourse when a prisoner believes that he will lose his grievance is to file the grievance, lose, exhaust the administrative avenues of appeal, and then sue." *Tartt*, 2014 WL 3388849, at *4 (citing *Woodford*, 548 U.S. at 89–90).

6

*Berry v. City of N.Y.*, No. 00-CV-2834, 2002 WL 31045943, at *7 (S.D.N.Y. June 11, 2002) (collecting cases); *accord Myers v. City of New York*, 2012 WL 3776707, at *5 (collecting cases). Johnson's bare assertion that exhaustion was unnecessary is both incorrect and insufficient to excuse his failure to exhaust his administrative remedies. As such, the PLRA bars his claim for deliberate indifference to his medical needs.[12]

### B. Unreasonable Strip Searches

Johnson next claims that he was subjected to repeated unreasonable strip searches, ostensibly in retaliation for having filed two federal civil rights lawsuits. "Generally, strip searches have been upheld as a reasonable security measure within a correctional facility even in the absence of probable cause as long as they are related to a legitimate penological goal." *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006), *aff'd*, 461 F. App'x 18 (2d Cir. 2012). "[A]lthough inmates do possess a limited right to bodily privacy, some aspects of that right must yield to searches for contraband, even random visual body-cavity searches, so that prison administrators may maintain security and discipline in their institutions." *Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992) (citing *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982)). A strip search may be unconstitutional, however, "if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." *Jean-Laurent*, 438 F. Supp. 2d at 323.

---

[12] Even if Johnson's claim were not barred under the PLRA, the complaint fails plausibly to allege deliberate indifference on the part of prison officials. "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin*, 467 F.3d at 280 (citing *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994)). Here, Johnson has not alleged any facts to suggest that defendants "disregarded a risk of harm . . . of which the defendant[s] w[ere] aware." *Caiozzo*, 581 F.3d at 71 (citing *Farmer*, 511 U.S. at 837). In particular, although Johnson insists that the attached medical record dated August 3, 2012, required prison officials to provide him with diabetic shoes, the form calls only for "institutional footwear and an extra-matress [sic] for medical reasons." (Compl. at 7.) A subsequent medical form dated September 10, 2012, *does* request that Johnson be permitted to "b[r]ing in supportive foot ware [sic] from his property (if [it] meets NIC security requirements) for medical reasons." (*Id.* at 8.) Johnson does not allege, however, that prison officials failed to honor the request from September 10.

Johnson also failed to exhaust his administrative remedies with respect to this claim, and other courts have acknowledged that "[b]eing subjected to visual strip searches is a grievable offense for which a prisoner must exhaust all administrative remedies." *Leon v. City of New York*, No. 13-CV-5407 (CM), 2014 WL 3408206, at *3 (S.D.N.Y. July 10, 2014); *see also Johnson v. Schriro*, No. 12-CV-7239 (WHP), 2013 WL 5718474, at *3 (S.D.N.Y. Oct. 15, 2013). Here, however, Johnson asserts that the strip searches were a form of harassment perpetrated in retaliation for his filing of two lawsuits, and therefore that he was not required to invoke the grievance procedure. (Doc. No. 25 at 8.) The relevant portion of the DOC grievance procedure explicitly provides that "[i]nmate allegations of assault or harassment by either staff or inmates are not grievable under the grievance mechanism."[13] (Doc. No. 27-2 at 2.) Nevertheless, New York City has established a separate expedited process for filing grievances alleging assault or harassment. *See Tartt*, 2014 WL 3388849, at *3 (citing 7 N.Y. Comp. Codes R. & Regs. §§ 701.5, 701.8, 701.10). There is no indication that Johnson made *any* attempt to exhaust his claim of harassment under either procedure, however, and thus this claim too is barred by the PLRA.

## II. Futility of Amendment

Even affording Johnson's *pro se* complaint the most liberal reading possible, his allegations fail to state a claim for which relief can be granted. Generally, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

---

[13] It does, however, provide that any such complaints submitted via the grievance procedure be "hand delivered by [Inmate Grievance Resolution Committee] staff, on the day of receipt, to the office of the Commanding Officer, or designee, where the form shall be time-stamped and an appropriate entry made in a confidential [Inmate Grievance Resolution Program] ASSAULT/HARASSMENT logbook." (*See* Doc. No. 27-2 at 2.)

8

In this case, however, "[t]he problem with [Johnson]'s causes of action is substantive . . . [and] better pleading would not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend is therefore denied as futile. *Id.*; *see also Watkins v. Hynes*, No. 13-CV-5029 (RRM) (LB), 2014 WL 4065095, at *2 (E.D.N.Y. Aug. 15, 2014).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Doc. No. 26) is granted. The Court certifies that any appeal from this Memorandum and Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to transmit a copy of this Memorandum and Order and the accompanying Judgment to plaintiff *pro se* via U.S. mail, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 22, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge